# Lazarus, Appellant, *v.* Lehigh & Wilkes-Barre Coal Company.

*Equity—Ejectment bill—Title to land—Mines and mining—Lease—Landlord and tenant.*

A bill in equity to compel an accounting for royalties for coal mined under certain land specifically described, is properly dismissed for lack of jurisdiction, where it appears that the plaintiffs claim under a paper purporting to be a lease, but which had been previously adjudicated to be a sale of coal, and the defendants deny plaintiffs' title to the land. In such a case plaintiffs cannot demand an accounting until they have established their right at law.

Argued April 13, 1908. Appeal, No. 304, Jan. T., 1907, by plaintiffs, from decree of C. P. Luzerne Co., Oct. T., 1904, No. 8, dismissing bill in equity in case of George Lazarus et al. v. The Lehigh & Wilkes-Barre Coal Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for an injunction and for an account. Before HALSEY, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*W. Alfred Valentine*, with him *G. Fred Lazarus*, for appellants.—The dispute concerning the title is not sufficient to

oust jurisdiction : Woodward v. D., L. & W. R. R. Co., 121 Pa. 344 ; Lehigh & Wilkes-Barre Coal Co. v. Wright, 177 Pa. 387 ; Penna. Coal & Coke Co. v. Witherow, 215 Pa. 327 ; Denniston v. Haddock, 200 Pa. 426 ; Coolbaugh v. Coal Co., 213 Pa. 28 ; Wyoming Coal & Transportation Co. v. Price, 81 Pa. 156 ; Hamilton v. Pittock, 158 Pa. 457.

The objection of adequate remedy at law is not sufficient to oust jurisdiction : Ashhurst v. Iron Co., 35 Pa. 30 ; Allison's Appeal, 77 Pa. 221 ; Grubb's Appeal, 79 Pa. 120 ; Winton's Appeal, 97 Pa. 385 ; Johnston v. Price, 172 Pa. 427 ; Gwinn v. Lee, 6 Pa. Superior Ct. 646 ; Myers v. Bryson, 158 Pa. 246 ; Orr v. Peters, 197 Pa. 606 ; Gray v. Citizens' Gas Co., 206 Pa. 303.

*A. H. McClintock*, with him *Arthur Hillman* and *Henry W. Palmer*, for appellee.—A court of equity has no jurisdiction in the case, as the question at issue is merely one of title, and such title should be established at common law, before any direct or collateral question in reference thereto can be brought before a court sitting in equity : Hoch v. Bass, 133 Pa. 328 ; North Penna. Coal Co. v. Snowden, 42 Pa. 488 ; Washburn's App., 105 Pa. 480 ; Leininger's App., 106 Pa. 398 ; Thomas v. Hukill, 131 Pa. 298 ; Duncan v. Iron Works, 136 Pa. 478 ; Saunders v. Racquet Club, 170 Pa. 265 ; North Shore Railroad Co. v. Penna. Co., 193 Pa. 641 ; Coward v. Llewellyn, 209 Pa. 582.

Opinion by Mr. Justice Fell, May 18, 1908 :

It was averred in the bill filed that the plaintiffs' predecessors in title in 1871 leased to parties whose rights have become vested in the defendant all the coal under 225 acres of land described, with the right to mine and remove the same; that the agreement provided that a fixed royalty should be paid for all coal mined that would pass over a screen of five-eighths of an inch mesh, and that in violation of the agreement the defendant was using screens of a larger mesh, which decreased the amount of coal for which a royalty was to be paid under the agreement; that included in the lease were two acres and 143 perches from which the defendant was mining coal for which they refused to account. The prayers were

for an injunction to compel the use of a screen of five-eighths of an inch mesh ; for an account for royalties for coal that would have passed over a screen of five-eighths of an inch mesh; and for an account for the coal mined from the two acres and 143 perches.

Before the hearing of the case the parties adjusted all matters relating to the use of a larger mesh, and by agreement filed they were withdrawn from the consideration of the court. The only matter in controversy remaining was the plaintiffs' right to royalties for coal mined from the two acres and 143 perches.   The answer denied that the plaintiffs owned this land and denied their right to maintain a proceeding in equity or to ask for an accounting until they had established their right at law.   The only question remaining was as to the ownership of the land in dispute.   All other subjects of controversy mentioned in the bill had been withdrawn and were out of the case as fully as if they had been eliminated by an amendment or had never been in it.   At the hearing the defendant set up a title which had become vested in it by a chain of conveyances, orphans' court proceedings,. and by possession and recognition by the plaintiffs' predecessors in title. The learned judge found that the agreement of 1871, although termed a lease, was a sale of the coal, and that there was a disputed question as to the title to the land in controversy which a court of equity was without jurisdiction to determine.

The appellants' contention was based on the assumption that the agreement of 1871 created the relation of landlord and tenant, and that the defendant in possession as tenant could not dispute its landlord's title.   While the rules applicable to sales are not to be applied indiscriminately to all conveyances of the right to mine and remove all the coal in a given tract of land : Denniston v. Haddock, 200 Pa. 426, the construction to be placed on the agreement of 1871, on which the plaintiffs' claim is based, has been settled by decision.   It was before this court on the appeal in Lazarus's Estate, 145 Pa. 1, and it was held that, although in form a lease for ninety years, it was a grant of an interest in the land itself ; not a mere license to take the coal but a sale of it, conditioned on its being removed in the time specified.

The decree is affirmed at the cost of the appellants.