# Rice v. Ruckle, Appellant.

*Equity—Equity practice—Pleading—Answer—Demurrer — Decree — Jurisdiction—Title to real estate.*

1. A decree on a bill in equity must conform to the prayers of the bill, and cannot be broader than the equitable relief prayed for.

2. Where the averments of a bill in equity manifestly raise a question as to the title of real estate, the court of equity in which the bill is filed has no jurisdiction. The question of jurisdiction should be raised by demurrer, but may also be raised in the answer in certain cases in which it clearly appears from the whole record that equity does not have jurisdiction to determine the question in dispute; and if the question is so raised, the court cannot disregard it.

Argued April 12, 1909. Appeal, No. 321, Jan. T., 1909, by defendants, from decree of C. P. Columbia Co., Dec. T., 1900,

No. 2, on bill in equity in case of B. Frank Rice v. Harvey Ruckle et al., Executors of Wesley Ruckle, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Bill in. equity for production of deeds, for an account and joint title. Before EVANS, J.

The case is stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Fred Ikeler,* for appellants.—The court was without jurisdiction: North Shore R. R. Co. v. Penna. Co., 193 Pa., 641; Lazarus v. Coal Co., 221 Pa. 415.

*T. J. Vanderslice, S. P. Wolverton, S. P. Wolverton, Jr.* and *Grant Herring,* for appellee.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909.

The results secured by the decree entered in the court below are broad and sweeping. The bill averred title to four parcels of land to be in appellee who had purchased the right, title, interest and claim of Wesley Ruckle, deceased, in and to the lands in question at sheriff's sale. Wesley Ruckle had no paper title to these lands in his lifetime, nor had any proceedings been instituted either before or after his death to perfect his titles, or to show that he or his estate had any interest in them. Some years after his death the appellee purchased some judgments of record against Wesley Ruckle, the lien of which had expired, revived the same by scire facias and caused whatever interest Ruckle had in the lands to be sold by the sheriff and became the purchaser at the sale. Appellee therefore holds a sheriff's deed for whatever interest, if any, Wesley Ruckle may have had in the properties. At the time of the sheriff's sale the recorded titles stood in the names of the appellants, or some of them, who were and had been for a number of years in actual possession. Under these circumstances this bill was filed praying for equitable relief, as follows, first,

that the defendants be required to produce and bring forth conveyances, deeds and articles of agreement heretofore made, entered into or belonging to the said Wesley Ruckle, relating to these several tracts of land; second, that the defendants be required to account for the rents, issues and profits of said lands since the death of Wesley Ruckle; and third, that the defendants be required to perfect the title to said lands by good and sufficient conveyances and reconveyances thereof. The defendants filed an answer denying all the material averments of the bill and averring fee simple title and possession to be in Harvey Ruckle, one of the defendants as to some of the tracts, and in George Ruckle as to another tract. They also denied the jurisdiction of the court to grant the equitable relief prayed for. A referee was appointed before whom the testimony was taken on the issues of fact raised by the bill, answer and replication. The referee, after taking several years for consideraation, made his report recommending that the court should enter a decree requiring possession of the several tracts to be given appellee; that the deed from Samuel Trump be reformed by striking out the name of Harvey Ruckle, and inserting the name of Wesley Ruckle and by changing the amount of interest conveyed and quantity of land included; that Harvey Ruckle be required to execute a quitclaim deed to appellee for an undivided one-half interest in one of the tracts; that George Ruckle, Sr., be required to execute and deliver to appellee a quitclaim deed for another tract known as the Bog lot; and that the defendants, jointly and severally, account for the rents, issues and profits, the amounts being ascertained and apportioned. The learned court below accepted the report of the referee as to findings of fact and conclusions of law and entered the decree recommended. This brief recital of the nature of the pleadings and the contentions of the parties makes it perfectly clear that this is not a case for equitable jurisdiction. The prayers of the bill did not ask for nor contemplate any such sweeping results as the decree orders and directs. The first prayer requests that defendants be ordered to produce and bring forth certain conveyances, deeds and articles of agreements, alleged to be in their possession but belonging to

the estate of Wesley Ruckle. The averments of the bill in relation to these matters were denied by the answer and there was no evidence to support the allegations. Hence the relief prayed for in this respect could not be granted. The second prayer requested an accounting for mesne profits, but whether there should be an accounting depends upon who owned the lands in question, and this was the matter in dispute throughout the whole controversy. The appellee was not entitled to an accounting for rents, issues and profits, if he had no title, nor could the appellants be required to so account if in point of fact they were in possession under a valid title. The third prayer asked that appellants be required to perfect title to the several tracts of land by good and sufficient conveyances and reconveyances to appellee. The decree of the court, however, undertakes to reform two deeds of record and grant other relief not prayed for. The reformation of a deed, solemnly executed and duly recorded, is a serious matter, and is never done unless the evidence be clear, precise and indubitable, and should not be attempted without such relief is specifically requested.

The titles to four different parcels of land are involved in this controversy. These titles are derived from different sources and are vested in two different parties. No explanation is attempted to be made as to how all these questions involving title to different tracts of land can be raised and determined in a single bill in equity, or indeed how there can be jurisdiction in equity to determine the title to any single tract. As we view the case the whole controversy is one of disputed title, and this question must be determined on the law side of the court. This is especially true because the question of title by adverse possession was very fully considered by the learned referee and is the only kind of title set up for one of the tracts in dispute and is relied on to sustain title to other tracts. It is certainly a novel proceeding to undertake to determine a question of title by adverse possession under a bill in equity. It is contended, however, that the question of jurisdiction should have been raised by demurrer and not in the answer. The appellant's reply to this position is that the bill contained such

sweeping allegations of fraud and mistake, clear grounds of equitable jurisdiction, that to have demurred would have been to admit these allegations in the first instance, which they could not do without prejudice to their rights. They were therefore by the necessities of the case put in the position of being compelled to specifically deny the allegations of fraud and to set up want of equitable jurisdiction in the answer. It is true the general rule is that the question of jurisdiction is properly raised by a formal demurrer to the bill, but in a number of our cases the right to raise the question without demurring has been recognized. In North Shore Railroad Company v. Penna. Company, 193 Pa. 641, it was held that where there is no jurisdiction the objection may be made at any time before or after final hearing, and where the question has been raised at every stage of the case from answer to final hearing, and disregarded in the court below, the question can be raised here, although a formal demurrer had not been filed on the service of the bill. All that was said in that case applies to the one at bar. The question of jurisdiction in the present proceeding was squarely raised before the referee and the learned court below. The record shows that it was considered at length with the result that equity jurisdiction was sustained on the technical ground that a formal demurrer had not been filed. There is such a manifest want of jurisdiction to determine the questions of title here involved as to require that the case should be tried before a jury. In a very late case this court dismissed a somewhat similar bill for want of jurisdiction where no formal demurrer had been filed: Lazarus v. Lehigh, etc., Coal Company, 221 Pa. 415.

Decree reversed and bill dismissed at the cost of appellee.