# Titusville Novelty Iron Works' Appeal.

1. A leasehold being a chattel real by reason of its fixed and permanent character, can under an execution be seized and held only as real estate; not as personal goods, susceptible of transportation.

2. The sheriff is no more responsible for a leasehold estate levied on than he would be for real estate.

3. The levy of a leasehold can be only by description of the realty out of which it issues.

4. Under a fi. fa. against a lessee, the sheriff went upon premises leased, examined them, &c.; afterwards and out of view of them he endorsed a description of them on his writ, and returned that he had levied on them as described. *Held* a good levy.

5. An inaccurate description of a levy may be explained by oral evidence.

6. Hoffman v. Danner, 2 Harris 25; Sowers v. Vie, 2 Id. 99, followed.

November 11th 1874. Before Agnew, C. J., Sharswood, Williams, Mercur and Gordon, JJ.

Appeal from the Court of Common Pleas of *Clarion county:* No. 227, of October and November Term 1874. In the distribution of the proceeds of the sheriff's sale of the property of James L. Johnson.

Johnson was the owner of thirteen-sixteenths of a leasehold on what was known as the land of "Dittman's heirs," in Richland township, Clarion county. On the 15th of November 1873, the Titusville Novelty Iron Works issued a fi. fa. on a judgment held by them against him and E. D. Hamilton for $1351.

On the same day, the sheriff went on the leasehold, stopped at the house on it, in which the defendant Johnson resided; he examined the house and oil-well on the leasehold, with the intention of levying on it if he did not get the money, and after look-

ing over the leasehold and inquiring for Johnson, he went to St. Petersburg, about a mile and a half from the leasehold, and then met Johnson; he showed him the writ and told him he wanted the money; Johnson said he could not pay it; the sheriff told him if it was not paid he would have to make a levy.   He then levied on the  leasehold and endorsed it on the writ that night in St. Petersburg and not in view of the property.

The sheriff's return to the fi. fa., made November 24th, was as follows:—

" By virtue of the within writ I have levied on all the right, title, interest and claim, of the defendants, of, in and to a certain leasehold estate, situated on 'D. Shoup farm,' Richland township, Clarion county, Pa.; lease of 6 acres, bounded east by public road; south, west and north by D. Shoup farm; together with the oil-wells, engines, boilers, engine-houses, derricks, walking-beams, casing, tubing, rods, tanks and all the machinery and fixtures belonging to said wells and lease; also one frame dwelling-house on said lease, one set of drilling-tools and one buggy.

So answers S. JOHNSON, Sheriff."

There was endorsed on the writ also: " See schedule of levy on personal property and writ returned, property not sold for want of time."

On the same day a venditioni reciting the levy was issued in the same case.

On the same day, P. Graham & Co. issued a fi. fa. on a judgment in their favor against Johnson.

Previously to the return-day of these two writs, the term of the office of the then sheriff, S. Johnson, expired and the writs went into the hands of his successor, A. H. Beck.

To the venditioni he returned, " No property found in my bailiwick to answer the within levy."

To Graham's fi. fa. he returned:

" By virtue of within writ I have levied on the following property, to wit: Derrick 20x20 base, 72 feet high, engine and boiler house 18x24 feet, engine, boiler 12 horse power, casing tubing and rods; said leasehold situated on lands owned by Dittman's heirs, in Richland township, Clarion county, Pa.   Bounded north by Dittman's, east by D. Shoup farm, west by Dittman's and land leased to Vensel, situated on the south-east corner of said farm; also one house 18x16 feet, one and a half stories high, on said lease."

He further returned: "December 17th, after due and public notice being given, property cried and sold for $1820 to John Shoup."

Shoup was one of the firm of P. Graham & Co.

There were a number of other executions on mechanics' liens,

&c., issued about the same time. The above-mentioned executions had priority of all except those on the mechanics' liens.

The proceeds of sale were brought into court and referred to David Lawson, Esquire, as auditor, for distribution. Before him the Titusville Novelty Iron Works and P. Graham & Co. were the contesting claimants for the balance of the fund after the payment of the mechanics' liens.

The points of contest were : as to the validity of levy under the fi. fa. of the Titusville Novelty Iron Works, there having been no actual seizure, and the description of the property levied on being inaccurate.

Sheriff Johnson testified that the property he viewed and levied on was the leasehold of the defendant on the Dittman land, but at the time he made it he supposed it was on the Shoup farm, which adjoined the Dittman land ; and he therefore so made out his levy.

J. M. Guffey testified that the leasehold levied on was on the land of the Dittman heirs ; the Shoup land lies on the east and south of it, and was the same property described by the sheriff in his levy ; that he as agent of the Novelty Iron Works gave notice at the sheriff's sale that the property was the same that had been levied on by Sheriff Johnson ; that the sheriff cried the sale on the writ of the Novelty Iron Works and named no other writ.

There was other evidence corroborative of the foregoing. It was all objected to as tending to contradict the sheriff's return.

The auditor reported as his opinion that the levy on the writ of the Titusville Novelty Iron Works was not good, the property not being in the view of the sheriff at the time he made the levy.

He accordingly awarded to P. Graham & Co. the amount of their execution and entirely excluded the execution of the Titusville Novelty Iron Works from any participation in the fund.

After exceptions by the Titusville Novelty Iron Works, the Court of Common Pleas (Jenks, P. J.) delivered the following opinion in the case.

"We think the conclusion reached by the auditor correct. To constitute a valid levy, there must be such interference, either actual or constructive, with the possession of the property of a defendant, as would subject the officer if not protected by his writ, to an action of trespass. The entry of the levy upon his writ when it, the property, is not taken into his actual possession, must be sufficiently descriptive to furnish reasonable information of its identity. The levy in this case does not meet either of these requirements.

"The exceptions are therefore overruled and report confirmed, and money ordered to be paid out accordingly."

A decree being entered in accordance with this opinion ; the Titusville Novelty Iron Works appealed to the Supreme Court and assigned the decree for error.

[Titusville Novelty Iron Works' Appeal.]

*J. B. Knox* (with whom was *J. T. Maffett*), for appellants.—
The levy being on an undivided interest in a leasehold estate
could not be taken into actual possession by the sheriff; the sheriff
did all he could.   Where a levy is made on goods, it is not neces-
sary to take them into actual possession, it is sufficient if the
goods be forthcoming to meet the exigencies of the writ: Dorrance
*v.* Commonwealth, 1 Harris 160 ; Wood *v.* Vanarsdale, 3 Rawle
401 ; Keyser's Appeal, 1 Harris 412.   The levy was in fact made
when the sheriff was on the premises ; the endorsement on the writ
was but the evidence of it : Duncan's Appeal, 1 Wright 502 ;
Weidensaul *v.* Reynolds, 13 Id. 78.   A judicial sale of leasehold
estate, like that of a freehold, need not be made on the premises:
Sowers *v.* Vie, 2 Harris 99.   The levy on real estate is made on
paper, the defendant is not entitled to any notice of it, and it may
be entered after the return-day : 1 Troubat & Haly's Practice
976 ; Cowden *v.* Brady, 8 S. & R. 509.

What property is embraced in a levy which is obscure in its
terms may be shown by parol evidence: Scott *v.* Sheakly, 3
Watts 50 ; Hoffman *v.* Danner, 2 Harris 25 ; Shoemaker *v.* Bal-
lard, 3 Id. 92 ; Vandike's Appeal, 5 Id. 271.   On a collateral
issue between two creditors to try the right to the proceeds of a
sheriff's sale, the return of the sheriff is but primâ facie evidence :
Lowry *v.* Coulter, 9 Barr 349.

*W. L. Corbett,* for appellees.—The officer making a levy must
have the property in his power and control, or at least within his
view : Duncan's Appeal, 1 Wright 500 ; Wood *v.* Vanarsdale, 3
Rawle 401 ; Schuylkill County's Appeal, 6 Casey 358 ; Carey *v.*
Bright, 8 P. F. Smith 81 ; Lowry *v.* Coulter, 9 Barr 349 ; Linton
*v.* Commonwealth, 10 Wright 294.

Leases for years are not embraced in our statute, requiring in-
quisition and condemnation, but are sold on a fieri facias as per-
sonal, and not real estate.   The sheriff's return to his writ in such
sale is sufficient evidence of title, and no deed is required : Dal-
zell *v.* Lynch, 4 W. & S. 256 ; Sowers *v.* Vie, 2 Harris 99 ; Wil-
liams *v.* Downing, 6 Id. 60 ; Sterling *v.* Commonwealth, 2 Grant
162 ; 3 Bl. Com. 417.

The endorsement of a levy is necessary as between execution-
creditors : Weidensaul *v.* Reynolds, 13 Wright 73 ; McClelland
*v.* Slingluff, 7 W. & S. 134 ; Linton *v.* Commonwealth, 10 Wright
294.

Mr. Justice GORDON delivered the opinion of the court, Janu-
ary 4th 1875.

Had the levy in question been of personal chattels it would
have been invalid, for in such case it must be made by actual
seizure, or at least in view of the goods.

There is, however, a wide difference between chattels personal and chattels real.  The latter grow out of and are attached to the realty, and hence, by reason of their fixed and permanent character, can only be seized and held as realty.  A lease of land, during the term, is as fixed as the land itself, for it can only be used upon the land out of which it arises.  It is nothing more or less than a right to use the freehold for the term mentioned in the lease.  It is therefore an estate in land.  These chattels cannot be seized and held as can personal goods, which accompany the person, and are susceptible of transportation from place to place.  The officer in levying upon the latter, is supposed to have them in his immediate personal custody, and he must have them present at the place and on the day of sale.  Not so, however, a leasehold estate : Sowers v. Vie, 2 Harris 99.  The sheriff can have no manual caption thereof; he cannot take it into personal custody, and hence is no more responsible for it than for any other species of real estate.  His levy can only be by description of the realty out of which the leasehold issues.  We take it, then, that the levy, though not made in view of the premises, was nevertheless good, if it were sufficiently descriptive to indicate the estate levied upon.

The levy is certainly very inaccurate, but, as explained by the oral testimony, which was properly admitted, Hoffman v. Danner, 2 Harris 25, we are left in no doubt but that the leasehold, from which the money was made, was the same as that described in the said levy on the writ of the appellant.

According to this view of the case the auditor erred in not giving precedence to the writ of the Titusville Novelty Iron Works.

> The decree of the court is therefore reversed, and it is ordered that the record be remitted for redistribution, and that the appellees pay the costs of this appeal.