# De Witt's Estate.

*Taxation—Direct inheritance tax—Real estate in another state —Lease of oil and gas—Corporeal hereditaments.*

Where an instrument in writing demises and leases certain lands for the "sole and only purpose of mining and operating for oil and gas" for a term of years and at a fixed rent, with the right to lay pipe lines and erect buildings thereon for mining purposes, such instrument conveys an interest in land, "a corporeal hereditament and not an incorporeal hereditament," and if the lands are situated in another state, they are real estate not subject to the Pennsylvania direct inheritance tax.

Argued February 16, 1920. Appeal, No. 73, Jan. T., 1920, by Commonwealth of Pennsylvania, from decree of O. C. Lycoming Co., June T., 1918, No. 16, dismissing appeal from appraisement made for the direct inheritance tax in Estate of Lucy Smith DeWitt, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Appeal from appraisement of lands situate in West Virginia, made for the purpose of assessing the direct inheritance tax thereon. Before WHITEHEAD, P. J.

From the record it appeared that the properties in question were certain oil and gas leases owned by the decedent.

The material portions of the leases were as follows:

The said parties of the first part, for and in consideration of the sum of one dollar to them in hand well and truly paid by the said party of the second part,...... have granted, demised, leased and let, and by these presents do grant, demise, lease and let unto the said party of the second part, its successors or assigns, for the sole and only purpose of mining and operating for oil and gas, and of laying pipe lines, and of building tanks, stations and structures thereon, to take care of the said products, all that certain tract of land,......Containing one hundred (100) acres, more or less.......

It is agreed that this lease shall remain in force for the term of ten years from this date, and as much longer as the rent for failure to commence operations is paid, and as long after the commencement of operations as said premises are operated for the production of oil or gas.

In consideration of the premises the said party of the second part covenants and agrees: 1st—To deliver in the pipe lines to the credit of the first parties, their heirs or assigns, free of cost, the equal one-eighth part of all oil produced and saved from the leased premises; and 2d—to pay $300 dollars per year for the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises.

The court held that the leases conveyed interests in lands situated in West Virginia, and were not taxable in Pennsylvania. The appeal of the Commonwealth was accordingly dismissed. The Commonwealth appealed.

*Error assigned* was the decree of the court.

*William M. Hargest,* Deputy Attorney General, with him *A. M. Hoagland, W. H. Spencer* and *William I. Schaffer,* Attorney General, for appellant.

*S. T. McCormick,* of *McCormick & Hipple,* for appellee.

PER CURIAM, March 8, 1920:

It was held in Barnsdall v. Bradford Gas Co., 225 Pa. 338, that the lease under which the plaintiff brought his action in ejectment conveyed an interest in land, "a corporeal hereditament and not an incorporeal hereditament." The terms of that lease, under which the plaintiff's right to recover was sustained, are identical with those in the one under consideration on this appeal, and the learned court below properly held that as they conveyed interests in lands situated in West Virginia, the Commonwealth was not entitled to the tax which it claimed.

Appeal dismissed at appellant's costs.