Stockdale, Appellant, v. Sellers.

448

Argued April 14, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*T. H. Shannon,* and with him *James J. Purman,*

for appellant, cited: Brown v. Beecher, 120 Pa. 590; Woodburn's Estate, 138 Pa. 609.

*C. W. Waychoff* of *Waychoff, Waychoff & Thompson,* for appellee, cited: Barnsdall v. Bradford Gas Company, 225 Pa. 338; Dewitt's Estate, 266 Pa. 548.

OPINION BY DREW, J., July 8, 1931:

The opinion of the learned court below, by SAYERS, P. J., with the exception of parts relating to equity practice not material here, was as follows:

"The plaintiff in the bill filed in this case, alleges that a parol agreement was entered into between the plaintiff and the defendant whereby the defendant sold to plaintiff a one-twentieth interest in a certain drilling well which plaintiff alleges afterwards became a good gas well and subsequently produced gas in large quantities. The plaintiff claims that he was to become a partner to the extent of the undivided interest purchased by him and share in the losses or profits of operating the well. The said gas well was being drilled on a lease operated by the defendant as trustee for the Sellers Gas Company, and plaintiff alleges that at the time of his parol agreement to purchase an interest in the drilling well and partnership, he gave to Joseph Sellers, the defendant, a check for $500, in full payment of the one-twentieth interest in the well.

"The defendant kept the check for about three months and then returned it to the plaintiff, who immediately gave it back to the defendant, who kept it for twenty days longer and then mailed it to the plaintiff. The plaintiff claims that the check was good, that the money remained in the bank at all times subject to the payment of the check, and in about ten days after the check was last returned to him, the plaintiff made a legal tender to the defendant of the purchase

money and demanded delivery of his interest in the gas well, which the defendant refused.

"The bill of complaint sets forth that the well, when drilled was a good gas well, and produces gas in large quantities, from the sale of which a large amount of money belonging to plaintiff has been received by the defendant, who has refused to account for the same. It prays that the defendant be directed to deliver to plaintiff the one-twentieth interest in said gas well, to render a just and fair account of all moneys received by the defendant, and for general relief.

"Attached to the bill is an oil and gas lease made by Joseph Sellers and Rachel L. Sellers, his wife, to Joseph Sellers, trustee for J. H. McNicholas et al., trading as Sellers Gas Company, lessee. The lease grants and demises unto the lessee all the oil and gas in and under a certain tract of land, and also the tract of land, for the purpose and with the exclusive right to drill and operate thereon for oil and gas, upon certain conditions as to payment of carrying rentals and delivery or payment of royalties in the event that oil or gas is produced.

"The defendant filed preliminary objections to the bill of complaint as follows:

" '1. The contract upon which the plaintiff relies and which in this answer he seeks to have enforced, is an oral contract for the sale of land, i. e., for the sale of the undivided one-twentieth (1-20) interest in a certain oil and gas lease on a certain tract of land situate in Springhill Township, Greene County, Pennsylvania, is a violation of the statute of frauds. As a matter of law this cannot be done and in so far as the Bill of Complaint seeks the enforcement of such oral contract, it must be dismissed.

" '2. The Bill of Complaint is based upon the existence of a partnership between the plaintiff and the de-

fendant claimed by the plaintiff. The facts set forth in the said Bill of Complaint, if true and fully believed, do not establish the existence of a partnership of any kind between the plaintiff and the defendant and this Court is therefore without jurisdiction to entertain a suit for an accounting. The Bill of Complaint, in so far as it seeks an accounting of the alleged partners, or either of them, must be dismissed.

" '3. This Court is without power or authority to enforce such a contract for the sale of land as is relied upon by the plaintiff by the Bill of Complaint filed.'

"The defendant prays that the bill be dismissed at plaintiff's cost because the interest alleged to have been sold by parol was an interest in real estate which cannot be transferred by parol, such transfer being in violation of the Statute of Frauds, and consequently such a contract cannot be enforced.

"The defendant further claims that since the subject of the alleged partnership is an interest in land, that it cannot be transferred by parol, but the transfer must be made in writing, otherwise such an agreement is within the Statute of Frauds and is void.
......

"......A hearing was had on the bill and preliminary objections. It appears to the Court, upon the admitted facts as set out in the bill, that plaintiff has disclosed no right to have a decree in his favor. The law applied to the admitted facts, as the Court understands them, shows that the plaintiff has no right to recover.

"The lease involved in this case creates a corporeal interest in the lessee. Barnsdall v. Bradford Gas Co., 225 Pa. 338; DeWitt's Estate, 266 Pa. 548; McKean Natural Gas Co. v. Wolcott, 254 Pa. 323. The bill of complaint sets out that the plaintiff purchased an undivided interest in well number one on the lease, as a partner, to share in the profits and losses.

"It also appears by the bill that at the time the

alleged agreement of partnership was made, that the well had not become a producing gas well. The plaintiff in his brief claims that what he purchased is a chattel personal. The gas produced from the well in suit might be held to be a chattel personal but the interest in the well and equipment is an interest in the leasehold, is attached to the realty, and consequently by reason of its fixed and permanent character it should be treated as a chattel real. Titusville Novelty Iron Works' Appeal, 77 Pa. 103, 107; Brown v. Beecher, 120 Pa. 590.

"It will be noted that the lease is for a period of six months from its date, September 3, 1928, 'and as much longer as the said premises are being operated for the production of oil or gas, or as oil or gas is found in paying quantities thereon......'

"It is averred the well was drilled in in November, 1928, and was a good gas well and defendant has received from the sale of the gas a large amount of money belonging to the plaintiff. It is not claimed that any possession of the well was taken by plaintiff under the alleged contract.

"The question as to whether or not the lease or leasehold was for a period of more than three years might enter into the case, but the lease is in writing and complies with the statute. The leasehold may or may not continue for more than three years, depending on compliance by the lessees with the terms of the lease and the time the well continues to produce gas in paying quantities. The alleged assignment of the one-twentieth interest in the well is in parol, because the check, Exhibit B, is not a writing within the Statute of Frauds.

"We believe the interest in gas well number one, which the plaintiff claims to have purchased, is real estate and title could only pass under the Statute of Frauds by an assignment or deed in writing. An

agreement to assign an interest in a lease or lease-hold for oil and gas must be in writing. Calverly's Estate, 51 P. L. J. 220; Henry v. Colby, 3 Brewster 171.

"Plaintiff alleges that he purchased an interest in a partnership which in this case was an undivided interest in real estate. The rule in Pennsylvania seems to be that where one owning land agrees to admit another into partnership in respect to that land, such an agreement is within the Statute of Frauds and therefore must be evidenced by writing. As to the mere creation of a partnership to deal in land in the future, a writing is not always necessary, but usually an agreement to form a partnership with respect to land one already owns is within the Statute of Frauds: Mechen's Elements of Partnership, 56; McCormick's Appeal, 57 Pa. 54.

"In either case or in both cases, as disclosed here, it is apparent that the plaintiff has no right to a decree in his favor.

"A check for the purchase money is not sufficient memorandum of a contract when the well or leasehold to be transferred is not sufficiently described therein. Soles v. Heckman, 20 Pa. 180, Mellon v. Davison, 123 Pa. 298; especially when the check is not signed or endorsed by the vendor, Everhart v. Dolph, 133 Pa. 628, and the alleged agreement evidenced thereby cannot be enforced against him.

"The agreement or check attached to the bill and marked Exhibit B, might apply to the 'one-twentieth interest in Well No. 1,' on any lease or leasehold. There is nothing in the alleged agreement to identify the subject of the sale. Shaw v. Cornman, 271 Pa. 260.''

There are but three assignments of error. They are that the lower court erred (1) in sustaining defendant's preliminary objections to the bill of com-

454

plaint, (2) in making the final decree dismissing said bill, and (3) in its conclusion that plaintiff's claim was within the Statute of Frauds, for which reason the bill did not state a cause of complaint and therefore required no answer.

The questions involved and sought to be raised by these assignments are fully and accurately covered by the portions of the opinion of the learned judge of the lower court, set forth above. The objections are without merit and it would be needless repetition to again answer them.

The assignments of error are overruled and decree affirmed at costs of appellant.