# Bishop, Appellant, et al., v. Demonstration Plantation Co. et al.

# Bishop, Appellant, et al., v. Alvarado Construction Co. et al.

*Equity—Fraud—Misrepresentations—Parties—Improper joinder of plaintiffs — Bill to recover money — Discovery — Accounting—Remedy at law—Act of February 27, 1798, 3 Sm. L. 303—Amendments.*

1. Where a bill in equity is filed by several plaintiffs to compel the repayment of money alleged to have been obtained from them by defendants by alleged fraudulent representations, a demurrer to the bill is properly sustained, if it appears that the representations were made by different persons in varying forms to the several plaintiffs, and therefore did not form a basis for a common action; besides, an action at law furnishes adequate relief.

2. If discovery is essential to the plaintiffs, it may be had in an action at law under section 1 of the Act of February 27, 1798, 3 Sm. L. 303.

3. An amendment to a bill in equity will not be allowed, where it is merely an explanation of what was already in the bill.

Argued October 16, 1922. Appeals, Nos. 24 and 25, Oct. T., 1922, by plaintiffs, from decree of C. P. Allegheny Co., Oct. T., 1920, No. 1275, and April T., 1921, No. 689, dismissing bills in equity, in cases of Frederick Bishop, Jr., et al. v. Demonstration Plantation Co., Harry R. Roberts et al., Executors of estate of W. A. Roberts, deceased, et al., and Frederick Bishop, Sr., et al. v. Alvarado Construction Co. et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bills in equity for discovery, accounting and repayment of money. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Bills dismissed. Plaintiffs appealed.

*Errors assigned,* inter alia, were decrees dismissing bills and disallowing amendments, quoting records.

*Wm. Kaufman,* with him *J. Langfitt,* for appellants.

*W. W. Stoner,* of *J. M. Stoner & Sons,* with him *Alter, Wright & Barron,* for appellees.

PER CURIAM, January 3, 1923:

These two appeals were argued and may be disposed of together. Plaintiffs, individually and on behalf of others, who might desire to join with them, filed two, entirely independent, bills in equity against the corporations named in the titles of these cases, certain of their officers, and the executors of deceased officers, praying the repayment to the several claimants of "the money obtained from said plaintiffs," and, incidentally, for discovery and accounting. Both bills were dismissed; one plaintiff in each has appealed.

Appellants and other plaintiffs each entered into separate written contracts with defendant corporations (known as plantation companies), under which they paid the latter sums of money from time to time. The bills charged these corporations, respectively, and their several officers, with fraudulent representations in obtaining the contracts, and fraudulent practices in carrying out, or in not carrying out, the obligations thereby incurred. On demurrer, the court below said, inter alia, as to the bill against the first-named company: "If such representations were made, they must have been by different persons, in [varying] forms, to the [several] plaintiffs, and, therefore, do not form a basis for a common action......In addition to this they were not representations of any existing fact, but only promises in variance of the written contract to do a certain thing, and, therefore, do not constitute fraudulent representations justifying plaintiffs in rescinding the contract; ......[they give] a right, at the most, to require the

contract to be carried out, or to recover damages for failure to do so." As to the second bill, the court below states: "This bill contains allegations of misrepresentation of existing facts, and, in that respect, differs from the other case: but these representations [or such of them as are sufficiently averred], were all made, if at all, by means of oral statements by different agents, and by [various] publications referred to......The bill does not disclose any common or joint claim of plaintiffs against defendants, or show any reason why relief should be granted in equity when it is plain that an action at law would give full and complete relief."

After entering final decrees, sustaining the demurrers and dismissing the bills, the court below refused to allow amendments for the following reason: "An examination of the proposed amendments shows them to be merely expansion of what was already in the bill, and no reason is made to appear why the matter in the proposed amendments could not have been put into the bill, at least with amendments formerly made."

We are not convinced the court below erred in dismissing the bills or in refusing the amendments; these are the matters assigned as errors on the present appeals.

It need only be added that, since both suits were avowedly brought for the purpose of recovering the moneys paid by plaintiffs, it is not apparent why either discovery or accounting is requisite to the main relief sought; if discovery is essential, it may be had in an action at common law under the first section of the Act of February 27, 1798, 3 Smith's Laws 303.

The assignments of error are overruled, and the decrees are affirmed, without prejudice, at the cost of the respective appellants.