## Smith et ux. v. Erdman et al.

*Edward T. Kelley* and *Liveright & Smith,* for plaintiffs.
*Arnold & Smith,* for defendants.

FLEMING, P. J., forty-ninth judicial district, specially presiding, August 10, 1932.—This matter is before us upon preliminary objections to plaintiffs' bill praying for a mandatory injunction. It appears from the averments of the bill that the plaintiffs were the former owners of a building, situate in the Borough of Curwensville, housing the operations of the Curwensville Hosiery Mills, Inc., and are (or were) the holders of a purchase-money mortgage in the sum of $17,000, dated March 7, 1930, recorded in Mortgage Book 89, at page 562, cover- ·ing the property of the Curwensville Hosiery Mills, Inc., successors to the Wagner Hosiery Mills, Inc.; that no part of the principal of said mortgage and but two payments of interest have been paid; that certain valuable portions of the building covered by plaintiffs' mortgage have been removed without notice to plaintiffs "by conspiracy, mistake or fraud" on the part of the defendants, such articles being designated as a large steel vault, steam heating fixtures, radiators, pipes, partitions and electric light fixtures. The insolvency of the Curwensville Hosiery Mills, Inc., and the Curwensville Chamber of Commerce is also averred. The prayer is that the defendants be compelled to put the premises covered by the mortgage in such repair and condition as they were before the taking. A further prayer to restrain further taking is contained in the bill. The material issue before us, however, is the prayer for restoration, as plaintiffs' counsel at oral argument admitted the completion of foreclosure proceedings upon the mortgage.

We are of the opinion that the preliminary objections must be sustained and the bill dismissed. It is to be borne in mind that the alleged injury *has been done* to the building covered by plaintiffs' mortgage. The tort is complete. The general jurisdiction of courts of equity, by injunction, is to prevent the committing of offenses. The relief actually sought by the plaintiffs is the equivalent of compensation and damages. The injuries alleged to have been committed are fully measureable in an action at law. The fact that defendants are insolvent does not change the rule, for, if it did, as defendants' counsel has pointed out, such a tenet would make practically all torts properly redressable by mandatory injunction, and would reinstall in our jurisprudence the long-abolished imprisonment for debt by way of chancery.

"Where complainant has a full, adequate and complete remedy at law by way of recovery of damages, equity will not grant specific relief. . . . Although the plaintiffs aver fraud in the procurement of the contract, this, of itself, is not sufficient to take the case out of the rule. . . . 'No one, for instance, would think of filing a bill in equity in case of a fraudulent warranty on the sale of a horse:' " Costley et ux. *v.* Smith, 278 Pa. 242, 244.

428

The mere fact that a defendant cannot be compelled to pay a judgment at law does not make the plaintiff's remedy inadequate: Heilman v. The Union Canal Co., 37 Pa. 100; Willis v. O'Connell, 231 Fed. 1004; Thompson v. Allen County et al., 115 U. S. 550. If the purpose of the bill is the recovery of moneys (or compensation for damages, or the restoration of damaged property) the remedy at law is adequate: Bishop et al. v. Demonstration Plantation Co. et al., 276 Pa. 101.

We have carefully considered the cases cited by the plaintiff and do not find them to be controlling here. They all pertain to the exercise of equity jurisdiction to *prevent* a threatened happening. None have been cited to cover a mandate as to restoring that which has already occurred.

And now, August 10, 1932, the preliminary objections are sustained and the bill and petition dismissed, at the cost of the plaintiffs.

From John M. Urey, Clearfield, Pa.