## Harris *versus* Harris.

1. The measure of damages for breach of a parol contract to convey land, is the consideration and compensation for improvements in reliance on the contract, deducting a reasonable rental of the premises; except when there has been fraud on the part of the vendor in the *original contract.*

2. Failure to convey is not such fraud, although the vendor had power to convey.

3. A vendor by parol agreed to convey land; the vendee paid the purchase-money, went into possession and was evicted by a subsequent vendee under articles from the same vendor. In an action by the first vendee against the vendor for breach of the contract more than five years afterwards, *Held*, that the limitation in the 6th section of Act of April 22d 1856, was not a bar.

[Harris v. Harris.]

4. The vendor continued to promise to convey until his agreement to sell to the other vendee, there was no breach of the contract until then.

5. The vendee being in possession under the contract was not guilty of laches in not demanding a conveyance or damages for refusal.

6. Clark v. Trindle, 2 P. F. Smith 492, analogous.

November 13th 1871.　Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county*: No. 58, to October and November Term 1871.

The writ in this action was issued March 26th 1868, by Jonathan J. Harris against Samuel Harris.

The declaration was that the defendant, in consideration of $200, sold and agreed to convey to the plaintiff a tract of 71 acres of land, "and thereupon did assume and unto the said plaintiff did faithfully promise" that he would convey the land in fee-simple to the plaintiff; and in pursuance of the "sale, purchase and agreement," the plaintiff took possession of the land "as of his own estate," and expended large sums of money thereon in improving the said tract, by erecting "buildings, &c., to the value of $5000." But the defendant, "his promises, assumptions and agreements not regarding, but intending to cheat and defraud, and otherwise deceive the plaintiff, did not convey the said tract of land to him as aforesaid, but sold the same to one Hunter Richey, who brought an action therefor, &c., and caused the plaintiff to be ejected from said tract of land; to the damage of the plaintiff $10,000," &c.

The defendant pleaded "*Non assumpsit*" and "*Non assumpsit infra quinque annos.*"

The cause was tried December 12th 1870, before Gilmore, P. J.

The plaintiff testified, that he had bought the land mentioned in the declaration from the defendant, his father, in March 1844, for $1000, of which $800 were then owing by the defendant to the plaintiff, and the remaining $200 were to be paid in two equal payments in 1845 and 1846. The contract was by parol, and the payments were made in accordance with the agreement. The plaintiff, being an unmarried man, leased the land to his brother, who entered on the land in March 1844, and remained there three years; after he went out, the plaintiff went into possession, and remained for 22 years.

He testified that he had made improvements to the value of $6000 or $7000. The defendant lived about a mile from him, was frequently at the place, saw the improvements progressing, told plaintiff "to go on and improve the property, it was paid for; make it valuable." When the last payment was made, the defendant said he had not the deed made; the plaintiff was then going from home, and the defendant told plaintiff the deed should "be made against you come back." When he came back defend-

[Harris *v.* Harris.]

ant had married a second time, and on being asked for the deed, said: "Let it be; the limitation will make as good a title as I can make."

The plaintiff gave evidence by other witnesses corroborative of his own testimony.

He gave in evidence an agreement dated March 1st 1866, between the defendant and Hunter Richey, by which the defendant, for the consideration of $2600, agreed to convey the tract abovementioned to Richey, on the 1st of April then next; also, an action of ejectment by Richey against the plaintiff, who was in possession, for the recovery of the land, and a verdict for Richey, July 15th 1867; a writ of error by the plaintiff in this case to the Supreme Court, and judgment of affirmance January 7th 1868, (6 P. F. Smith 395); an *habere facias possessionem*, executed March 25th 1868.

The plaintiff offered evidence of the value of the farm at the time of the eviction; the defendant objected to the offer; it was admitted, and a bill of exceptions sealed.

The plaintiff then gave evidence of the value of the land at the time of the eviction.

The plaintiff's point, with the answer, was:—

"1. If the jury believe from the evidence that there was an agreement between Samuel Harris and Jonathan J. Harris for the sale and purchase of this land, and that S. Harris had it in his power, and was able to make said Jonathan J. Harris a deed for the same, and refused, it was a fraud on his part, and that the measure of damages is the value of the land at the time of the eviction."

Answer: "We charge you that if you are able to find from the evidence that there was such a contract as declared upon in the *narr.*, and that the defendant had it in his power to comply with the contract and refused to do so (which is not questioned), the plaintiff would be entitled to recover; and if he acted in bad faith towards the plaintiff, the measure of the damages would be the value of the land at the time he was evicted."

The following were points of the defendant, with their answers:—

2. "The damages, if any, which the plaintiff can recover, are such, only, as will compensate him for what he paid as purchase-money, in pursuance of the contract, with interest, and for the cost of permanent improvements made upon the land in reliance upon the contract with the knowledge of the defendant, deducting the value of the rents, issues, and profits of the land during the plaintiff's occupancy."

Answer: "We cannot instruct you as requested in this point. If there was a contract and it was violated in bad faith, the plaintiff would be entitled to recover the value of the land at the time of the eviction, and this is in accordance with our answer to plaintiff's point."

[Harris v. Harris.]

4. " The Act of Assembly of the 22d of April 1856, sec. 6, is a bar to the plaintiff's recovery, this suit not being brought within five years from the date or making of the alleged contract or arrangement."

Answer : " This is refused."

5. " The facts of this case having been passed upon by this court in the case of Richey v. Harris, and been found in favor of this defendant, his conduct cannot be said to be fraudulent—and he only declined to do what the Statute of Frauds and Perjuries expressly forbade his doing."

" This instruction is refused. The result of the action of Richey v. Harris is no bar to this action. This action may succeed when the other fails, and this kind of action is generally brought because plaintiff cannot recover the land by reason of the Statute of Frauds and Perjuries. But there is no such statute against this kind of action. '

The verdict was for the plaintiff for $5369.33.

The defendant removed the case to the Supreme Court by writ of error.

He assigned for error :

1. The admission of the evidence of the value of the land at the time of the eviction.

2. The answer to the plaintiff's points.

3, 4 and 5. The answer to the defendants' 2d, 4th and 5th points.

A. *Howell* and A. *E. Willson*, for defendant in error, referred to the Act of April 22d 1856, § 6, Pamph. L. 535 ; Bright. Purd. 654 pl. 13 ; Clark *v.* Trindle, 2 P. F. Smith 492 ; Murphy *v.* Hubert, 7 Barr 420 ; Rider *v.* Maul, 10 Wright 376 ; Webster *v.* Webster, 3 P. F. Smith 161. As to the evidence as to the value of the land : Lee *v.* Dean, 3 Wharton 316 ; King *v.* Pyle, 8 S. & R. 166 ; Bitner *v.* Brough, 1 Jones 127. As to damages, they should be such only as would compensate for the purchase-money and permanent improvements, less the rents, &c., : Hertzog *v.* Hertzog, 10 Casey 418 ; Dumars *v.* Miller, Id. 319 ; McNair *v.* Compton, 11 Id. 23 ; Bender *v.* Bender, 1 Wright 419 ; McKowen *v.* McDonald, 7 Wright 441 ; Miranville *v.* Silverthorn, 12 Id. 147 ; Meason *v.* Kaine, 13 P. F. Smith 335.

W. H. *Playford* and D. *Kaine*, for defendant in error.— Where a vendor has not acted in good faith, the vendee may have damages for the loss of his bargain : King *v.* Pyle, Lee *v.* Dean, Bitner *v.* Brough, Hertzog *v.* Hertzog, McNair *v.* Compton, *supra ;* Good *v.* Good, 9 Watts 567 ; Hoy *v.* Gronoble, 10 Casey 9. As to Act of 1856, they cited Clark *v.* Trindle, *supra.*

[Harris *v.* Harris.]

The opinion of the court was delivered, January 9th 1872, by

Thompson, C. J.—The learned judge below erred in admitting evidence to prove the value of the land out of which the action has arisen, under a parol sale, and in answering the plaintiff's points as he did; also the points of the defendant on the same subject. We have so repeatedly announced that the rule in actions for damages for a breach of contract to convey, under a parol sale of real estate, is not to be measured by the value of the land, but by the consideration paid, and compensation for improvements made in clearing, fencing, building, planting orchards, &c., in reliance on the contract, deducting therefrom a reasonable rental for the use of the premises, that I will not encumber this opinion by citing them—they have often been cited in previous opinions. The only exception to the rule is, where there has been fraud on part of the vendor *in the original contract.* But the failure to convey is not such fraud. Buyer and seller both know that such a contract could not be enforced, and it was no more a fraud to refuse performance by conveying than any other breach of a contract to perform an act. While in a *narr.,* as matter of form, the breach of the undertaking sued upon is, in actions on simple contracts, generally charged as fraudulent, the law gives no damages on that ground. Compensation to the plaintiff for his injury, in view of the consideration, is all that is required. The learned judge charged that if the defendant had it in his power to comply with his contract and did not do so, and "if he acted in *bad faith* towards the plaintiff, the measure of the damages would be the value of the land at the time he was evicted." *Bad faith* was an indefinite term—it did not necessarily imply fraud, and did not indicate fraud *in the contract.* There was nothing showing anything like that in proof. The charge certainly had only the failure to convey in view in this remark; it was what the point asked. It was error therefore to affirm it: McNair *v.* Compton, 11 Casey 23; McKowen *v.* McDonald, 7 Wright 441. It is obvious that this ruling, if permitted to stand, would in most cases of a parol sale of land and failure to convey, be the equivalent of specific performance, differing only in this, it would transfer to the buyer the value instead of the property in specie. It would operate as a virtual repeal of the statute. This is not the rule of the cases in this Commonwealth by any means; and for these instructions the judgment must be reversed.

It is contended by the plaintiff in error that the learned judge also erred in refusing his 4th point. We do not concur in this. We agree with him that the 6th section of the Act of the 22d April 1856 presented no bar to the plaintiff's right of recovery. This statute, which was designed to prevent fraud, is not to be so construed as to become an instrument of fraud; and it would be

[Harris v. Harris.]

so if we were to sanction the construction contended for by the plaintiff in error. The plaintiff below claims that he contracted with his father for the land in question in 1844 or 1845; paid the greater portion of the purchase-money; entered into the possession with his permission, under the contract, and commenced improving, cultivating, building, &c., and has continued so to do for twenty-two or three years with his knowledge and acquiescence. When at last his father sold the land to another, he resisted a recovery on the common and usual opinion in such cases, that he had a right to hold it. Up to this time both parties acted in accordance with the original contract, excepting that the father did not convey, but often spoke of his intention to convey. It was very natural for the son to await his leisure. But having lost the land at last, and having instituted his suit to recover damages for the breach of contract in failing to convey, it is claimed that he is too late, that he should have brought suit within two years after the passage of the Act of 1856. The answer to that is, there was in fact no breach of the contract at that time. The plaintiff cannot, with either grace or honesty, say, "My son, you ought not to have trusted in my promises; you should sooner have insisted on your deed or sued me for damages for not making it." Being in possession of the land pursuant to a parol purchase, every day spent in cultivating and improving it, perfecting his title, he was guilty of no laches, therefore, because he did not turn upon his father, demand a conveyance or damages for a failure to convey. If we were to hold as claimed, that such a case is within the Act of 1856, all that a vendor would have to do, would be to let his vendee by parol go on improving for five years, and then on some defect of such performance as is required to take the case out of the Statute of Frauds and Perjuries, turn him out of the possession of the land, and keep the improvements for nothing. Such a rule could never receive the sanction of any civilized community where such sales are allowed at all. In Clark v. Trindle, 2 P. F. Smith 492, followed in numerous cases since, we held that the limitation of the period within which proceedings to enforce resulting or implied trusts of land, under the Act of 1856, was controlled by the fact of possession being in the *cestui que trust.* The analogy of such a case is so close to the case in hand, that we rely on it as assisting in the interpretation to be given to the law of the latter. In neither case is laches to be attributed to the party in possession: Richards v. Elwell, 12 Wright 361. In the case of the sale, the purchaser is not bound to know, or even to suspect, that the seller will not comply with his contract, and that he will not be permitted to hold the land under his purchase. He can stand on his possession under the contract until he is evicted. When that occurs, if not sooner, his right to damages most clearly accrues. Where no possession has ever been taken, the limita-

[Harris *v.* Harris.]

tion of the statute undoubtedly applies. No other error appearing than those above noticed, we reverse this judgment for the reasons therein given.

Judgment reversed, and *venire de novo* awarded.

SHARSWOOD, J., dissented.