## Clara S. Blood, Exr., Appellant, v. Crew Levick Company.

171   339
171   343

*Equity—Jurisdiction—Vendor and vendee—Covenant.*

A bill in equity cannot be sustained by a vendor against a vendee to enforce an express covenant in a deed to pay mortgages on the land conveyed. In such a case there is an adequate remedy at law.

A bill in equity cannot be sustained by a vendor against a vendee to compel the payment of a mortgage upon leasehold estates, where the deed contains no express covenant, but conveys " under and subject to the lien of " the mortgage, and the vendor prior to the filing of the bill has not been compelled to pay any portion of the mortgage.

Argued May 7, 1895. Appeal, No. 275, Jan. T., 1895, by plaintiff, from decree of C. P. Warren Co., Sept. T., 1894, No. 25, sustaining demurrer to bill in equity. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity to enforce covenants in a deed. Before NOYES, P. J. The bill set forth:

1. That plaintiff was widow and executrix of A. R. Blood, deceased, who died December 1, 1891, testate, and that his estate was insolvent. That defendant was a corporation.

2, 3, 4 and 5. That said Blood prior to May 18, 1891, owned certain estates of freehold and leasehold in Warren county, Pa., one of which was situate in tract 557, Mead township, and known as the "557 property;" the other in tract No. 36, and known as "Stone Hill property," and that upon said estate said Blood was indebted for a balance of purchase money represented by negotiable notes which had been secured by mortgages thereon.

6. That upon the 18th of May, 1891, said Blood conveyed said estates of freehold and leasehold to the defendant by a separate deed for each estate, containing covenants to assume and pay the said purchase money, which became binding upon defendant by its acceptance, and by reason whereof the defendant became liable to indemnify and save harmless the said Blood and the said plaintiff, as his executrix, against the payment of the balance of purchase money for said estates.

7, 8 and 9. That defendant accepted said deeds subject to the covenants and took and retained possession of said lands, and received the proceeds and profits therefrom, but refused to pay the balance of purchase money due, and that the exact amount of purchase money due and unpaid was known to the defendant, but the plaintiff did not know with certainty.

10. That the persons to whom said purchase money was owing and who held the said notes therefor were threatening suits against said estate to recover said sums which plaintiff could and should not pay, and defendant should pay, but refused.

The bill prayed:

1. Discovery as to balance due upon said purchase money mortgages.

2. That when defendant disclosed the balance due on said mortgages that it be ordered and directed to pay the said balance and protect the said estate.

3. General relief.

The grounds of demurrer were:

(1) That bill set forth no cause of complaint, (2) did not show any equity, (3) that the bill and exhibits showed the defendant was not liable, (4) that there was an adequate remedy at law.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was decree of court as above.

*Samuel T. Neill, R. & H. E. Brown* with him, for appellant. —Equity has jurisdiction: 10 Am. & Eng. Ency. of Law, 415; 2 Story's Eq. sec. 850; Champion v. Brown, 6 Johns. Ch. 406; Adams' Eq. 270; Pomeroy's Eq. sec. 1417; Beaver v. Beaver, 23 Pa. 167; Ardesco Oil Co. v. N. A. Mining & Oil Co., 66 Pa: 375; Trevor v. Perkins, 5 Whart. 253; Heritage v. Bartlett, 8 W. N. C. 26.

The defendant is liable not only to indemnify the plaintiff, but also to pay the mortgage debts: Pingree on Mortgages, sec. 1021; Burke v. Gummey, 49 Pa. 518; Schley v. Fryer, 100 N. Y. 71; Sparkman v. Gove, 44 N. J. Law, 252; Braman v. Dowse, 12 Cush. 227; Drury v. Tremont Imp. Co., 13 Allen, 168; Locke v. Homer, 131 Mass. 93; Woodward's App., 38 Pa.

322; Campbell v. Shrum, 3 Watts, 60; Blank v. German, 5 W. & S. 36; Taylor v. Preston, 79 Pa. 443; Girard Ins. Co. v. Stewart, 86 Pa. 89.

*Theodore F. Jenkins, Allen & Sons* with him, for appellee.— The plaintiff has no ground for equitable relief: Lennox v. Brower, 160 Pa. 191.

OPINION BY MR. JUSTICE WILLIAMS, October 7, 1895 :

The relief sought in this case is specific execution. The bill recites the sale by A. R. Blood to the defendant of the same pieces of oil property that were conveyed by the two deeds considered in an action of assumpsit between the same parties in which an opinion has just been filed. It sets forth the existence of the mortgages on the properties conveyed by the deed in fee simple, as also those resting on the leaseholds which were conveyed by a separate deed.  It alleges that under the terms of these deeds it became the duty of the defendant to pay all the mortgages enumerated and to save harmless the estate of the said A. R. Blood therefrom.  That this has not been done, but that the holders of said mortgages have threatened to proceed against the said estate for the collection of the said mortgage debts.  Upon these facts it asks an ascertainment of the amount due upon the unpaid mortgages and " that it (the defendant) be ordered and directed to pay the said balance and to protect the estate " of the said A. R. Blood from being called upon for the mortgage money.

The defendant demurred to the bill as setting forth no cause of action cognizable in equity, and the learned judge of the court below entered judgment in favor of the defendant in the demurrer.   Our question is therefore whether the bill states a case that entitles the plaintiff to relief in equity.   As to the first deed we have held in the case just referred to, that the deed contained an express covenant to pay the mortgages enumerated therein, upon which an action would lie in the name of the covenantee, for the use of the beneficiary, if proceedings upon the mortgages failed to realize the full sum due upon them; and upon which the plaintiff could sustain an action for the recovery of any sum or sums which she had been compelled to pay by reason of the defendant's default.  So far as that part of the

cause of action is concerned which rests on what has been called the freehold deed, the remedy is at law, upon the facts stated in the bill, and not in equity.

So far as that part of the cause of action is concerned that rests on the deed for the leasehold estates there is no remedy in equity or at law, until the plaintiff has been compelled to pay. This deed contains no express covenant, but conveys "under and subject to the lien of" the mortgages enumerated. The effect of this clause has been fully considered in the opinion already referred to and it is not necessary to repeat what was then said. The learned judge was right in sustaining the demurrer and dismissing the bill, and the decree is affirmed. The appellant to pay the costs of this appeal.