# Nanheim *v.* Smith, Appellant.

*Equity—Jurisdiction—Remedy at law—Ejectment—Certification to law side—Act of June 7, 1907, P. L. 440—Practice, C. P.*

1. Where the primary and controlling question raised by a bill in equity concerns the title to certain real estate purchased from funds alleged to have belonged to plaintiff's decedent and to have been improperly placed in defendant's name, which fact is denied in defendant's answer, and there is no prayer in the bill for a discovery or accounting, equity has no jurisdiction, the proper remedy being an action of ejectment.

2. In such case the question of jurisdiction having been raised by the answer the chancellor erred in failing to certify the case to the law side of the court as required by the Act of June 7, 1907, P. L. 440.

Argued March 20, 1916. Appeal, No. 426, Jan. T., 1915, by Alberta Smith, from decree of C. P. No. 2, Philadelphia Co., June T., 1913, No. 6422, in equity, adjudging the title to certain real estate to be vested in plaintiff in case of Thomas F. Nanheim v. William J. Smith and Alberta Smith. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Reversed.

Bill in equity to have title to certain real estate declared to be vested in plaintiff. Before BARRATT, J.

The opinion of the Supreme Court states the case.

The court entered a decree adjudging the title to the real estate in question to be vested in plaintiff and that possession be given to him. Alberta Smith, defendant, appealed.

*Error assigned,* among others, was the decree of the court.

*Joseph R. Embery,* with him *Richard Crankshaw, Jr.,* for appellant.

*William W. Porter,* for appellee.


OPINION BY MR. JUSTICE MESTREZAT, April 17, 1916:

This is an ejectment bill, and the case should have been certified to the law side of the court. The bill avers, inter alia, that the plaintiff is the sole heir of one Catherine Miller who was seized in fee of certain real estate on Westmoreland street, Philadelphia, which she sold in February, 1909; that defendant, William J. Smith, conducted the settlement, delivered the deed of the premises, and received the purchase-money as her agent; that he invested part of the proceeds in certain other real estate, described in the bill, which was purchased from one George Walters, and took the title in his own name; that Catherine Miller subsequently died intestate leaving the plaintiff as her sole heir and next of kin; and prayed the court to decree that William J. Smith holds the Walters premises as trustee for the plaintiff; that Smith be directed to pay to the plaintiff the whole of the proceeds of the Westmoreland street property; that he holds any and all real property purchased by him with the proceeds of the sale of the Westmoreland street property, or any increase thereof, as trustee for the plaintiff, and that he be ordered and directed to convey all of said property to the plaintiff.

The defendants, William J. Smith (now deceased) and Alberta Smith, his wife, filed an answer in which they denied that William J. Smith acted as agent of Catherine Miller in the sale, or receipt of the proceeds, of the Westmoreland street property, and averred that she was present at the settlement and the purchase-money was paid to him on her written order, in part to compensate him for improvements erected on the property by him and for the good-will of the business conducted by him on the premises and as a gift to the defendants, and to compensate them for moneys expended by them at her instance for her past and future support and maintenance, and that she intended the proceeds of the sale of the real

estate to be the absolute property of William J. Smith. The answer also averred that the bill should not be maintained because plaintiff, if he has any right of action whatever, has an adequate remedy at law, and because plaintiff has not shown that he is entitled to maintain any action against the defendants as he is not the legal representative of the estate of Catherine Miller, and has no right as an individual to maintain the suit.

The case was heard on bill, answer and proofs. The learned chancellor held, inter alia, that, as the plaintiff was the heir of Catherine Miller, he was the proper party to institute proceedings as to the Walters real estate; that the defendants were not accountable to him for the balance of the funds but to an administrator of Catherine Miller's estate, and entered a decree that the real estate described in the bill was the property of the plaintiff, and that the defendant be directed forthwith to deliver up to him full possession of it, and execute any deeds of conveyance or other documents which were necessary to put the plaintiff in full possession and give a proper record title to the same. The bill was dismissed as to the balance of the proceeds of the sale of the Westmoreland street property which was not invested in the premises purchased from Walters and conveyed to William J. Smith. The defendants took this appeal.

There are numerous assignments of error among which are that the court erred in declining the defendants' request to find that if the plaintiff has a cause of action against defendants his remedy is a suit at law and not in equity, and in entering the decree.

It will be observed that there is no prayer in the bill for discovery, nor is there one for an accounting except as to the receipt of the proceeds of the sale of the Westmoreland street property not invested in the Walters property, and that the learned chancellor held as to the uninvested fund the plaintiff was not a proper party to the proceeding and could not maintain the bill. It is apparent, therefore, that the primary and controlling

question in the case was one of title to the property pur-
chased from Walters and conveyed to the defendant,
William J. Smith. This could be determined only by an
action of ejectment on the law side of the court. Equity
did not have jurisdiction, and this appeared from the
bill and answer. The question was distinctly raised by
the answer, and it was the duty of the learned chancellor
to have determined the question in limine, and to have
certified the case to the proper jurisdiction: Rice v.
Ruckle, 225 Pa. 231; Miles Land Company v. Pennsyl-
vania Coal Company, 231 Pa. 155; Musselman v. Myers,
240 Pa. 5. The Act of June 7, 1907, P. L. 440, requires
the defendant in an equity proceeding, if he desires to
question the jurisdiction of the court upon the ground
that the action should have been brought at law, to
do so by demurrer or answer, and when the question is
thus raised the issue shall be decided before a hearing of
the cause upon the merits. The jurisdiction in the pres-
ent case was raised by a distinct and separate averment
in the answer, as provided by the act, and should have
been passed upon before the merits of the cause were con-
sidered and determined. The same objection is raised
in this court by the assignments of error, and, being of
the opinion that the objection to the jurisdiction was well
taken in the court below, we must sustain these assign-
ments, and direct the cause to be certified in conformity
with the provisions of the statute.

The decree is reversed, and the cause is remanded to be
certified to the law side of the court as an action of eject-
ment. Costs to be paid by the plaintiff.