## Costley et ux., Appellants, *v.* Smith.

*Equity—Remedy at law—Bill for cancellation of deed—Damages—Fraud—Certifying case to law side of court—Act of June 7, 1907, P. L. 440—Appeals—Costs.*

1. Where complainant has a full, adequate and complete remedy at law by way of recovery of damages, equity will not grant specific relief.

2. A bill in equity to cancel a deed of conveyance of real estate, and compel repayment of the purchase money on the ground of false and fraudulent representations of the condition of the property by defendant, cannot be sustained, as plaintiff has an adequate remedy at law.

3. Such a bill should not be dismissed, but should be certified to the law side of the court as provided by the Act of June 7, 1907, P. L. 440.

4. If the court below dismisses the bill, the appellate court will reverse the decree, and remit the case with directions to reinstate the bill and to certify the cause to the law side of the court.

5. In such case the appellate court will direct that all costs in the court below should be paid by plaintiff, and that costs in the appellate court shall abide the final determination in the court below.

Argued May 21, 1923. Appeal, No. 88, Oct. T., 1923, by plaintiffs, from decree of C. P. Allegheny Co., Oct. T., 1922, No. 371, dismissing bill in equity, in case of Stanton R. Costley and Mary Dawson Costley, his wife, v. Will I. Smith. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed and record remitted.

Bill to cancel deed of real estate, and for repayment of money. Before SHAFER, P. J., SWEARINGEN, KLINE and ROWAND, JJ., opinions by KLINE and ROWAND, JJ., 71 Potts R. 382.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiffs appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Charles A. O'Brien,* for appellants.—Jurisdiction in equity is recognized where there has been fraud as an inducement to the making of a contract even though an action for damages might lie: Roessler v. Witmer, 1 Pearson 174; Gandolfo v. Hood, 1 Pearson 269; Beasley v. Allyn, 12 W. N. C. 90; Clauer v. Clauer, 22 Pa. Superior Ct. 395; Sutton v. Morgan, 158 Pa. 204; Mortland. v. Mortland, 151 Pa. 593; Wagner v. Fehr, 211 Pa. 435.

*William D. Grimes,* for appellee.—The entire bill and its prayer seeks a money recovery, compensation, and damages and there is a full, adequate and complete remedy at law: Dech's App., 57 Pa. 467; Schmaltz's App., 99 Pa. 310; Blood v. Crew-Levick Co., 171 Pa. 339; Warner v. Hastings, 183 Pa. 324; Edelman v. Latshaw, 159 Pa. 644.

OPINION BY MR. JUSTICE SCHAFFER, June 23, 1923:

Plaintiffs filed this bill in equity reciting that they had purchased a dwelling house from defendant in pursuance of a written agreement of sale therefor, had received the deed, and paid the full consideration; that, prior to the signing of the agreement, the defendant falsely and fraudulently represented to plaintiffs, as an inducement to their execution of it, that the walls of the house were of a certain thickness, that the roof was waterproof and that the joists and supporting beams were of a proper kind and character to make the dwelling safe, comfortable and lasting, and that, relying upon these representations, plaintiffs signed the contract and paid the purchase money.

They averred that all these statements made to them were false, particularizing the respects in which they were untruthful, and alleged that, as a result of the defects in the house, it was unsafe to live in and unsalable. They also called attention to the fact that, in the agreement of sale, the defendant bound himself to keep the house in repair for a year following their purchase, and

asserted he had failed and refused to do so after notice and set forth that they had been compelled to lay out a considerable sum of money for repairs. Reciting that they had tendered a deed of reconveyance to defendant, and demanded of him a return of the purchase money and payment of damages they had suffered, complainants ·asked for a decree cancelling the deed, requiring the defendant to repay to them the purchase money and to make good their damage. Defendant demurred, averring that the suit should have been brought at law. The court properly sustained the demurrer on the ground that, in substance, the bill prayed for a recovery of money for the damages sustained by plaintiffs resulting from the deceit practiced and the breach of contract by defendant, but instead of certifying the case to the law side of the court dismissed the bill.

Where complainant has a full, adequate and complete remedy at law by way of recovery of damages, equity will not grant specific relief: Dech's App., 57 Pa. 467; Smaltz's App., 99 Pa. 310; Blood v. Crew-Levick Co., 171 Pa. 339; Hogsett v. Thompson, 258 Pa. 85. Although the plaintiffs aver fraud in the procurement of the contract, this, of itself, is not sufficient to take the case out of the rule that jurisdiction in equity will not be taken if there is adequate remedy at law: Edelman v. Latshaw, 159 Pa. 644; Johnson v. Swanke, 128 Wis. 68, 107 N. W. Repr. 481, 5 L. R. A. N. S. 1048. "No one, for instance, would think of filing a bill in equity in case of a fraudulent warranty on the sale of a horse or of a deceit in the sale of a bale of goods": Bispham's Equity, 10th ed., section 200, page 341. Equity will not assume jurisdiction where the relief sought is merely compensation in damages: Edelman v. Latshaw, supra.

Under the application of the familiar principle of which the authorities cited afford illustration, the court below properly sustained the demurrer, but, in doing so, it should have followed the practice provided by the Act of June 7, 1907, P. L. 440. That statute provides,

section 2, "If a demurrer or answer be filed averring that the suit should have been brought at law, that issue shall be decided in limine......If the court shall decide that the suit should have been brought at law, it shall certify the cause to the law side of the court, at the costs of plaintiff." On appeal (section 3) "after a decision upon the merits, [if] the question whether the suit should have been brought at law......is so raised, and the decision of the appellate court is that the suit should have been brought at law, it shall remit the cause to the court below, with directions to transfer it to the law side of that court, all the costs in the cause [in that event] to abide the final determination thereof in the court of law." The proper practice is to certify the cause to the law side of the court; Minnich v. Kauffman, 265 Pa. 321; Kramer v. Slattery, 260 Pa. 234, 242;—not to dismiss the bill *and* certify the cause: Meenen v. Negley, 276 Pa. 5, 7.

The question whether the suit should have been brought at law, having been properly raised in the court below and our opinion being (as was that of the chancellor) that it should have been so brought, but the cause not having been certified to the law side following the course of proceeding prescribed by the statute, we are compelled to reverse the decree dismissing the bill and to remit the cause to the court below, with directions to reinstate the bill and to certify the cause to its law side, all costs in the court below to be paid by plaintiffs and all costs in this court to abide the final determination in the court below.