# Heller et ux., Appellants, v. Fishman et al.

*Equity—Bill to quiet title—Remedy at law—Rule to bring eject-*
*ment—Statutory remedy exclusive—Acts of March 21, 1806, 4 Sm.*
*L. 332, and April 16, 1903, P. L. 212.*

1. A court of equity has no jurisdiction to entertain a bill to
quiet title, where it appears plaintiffs are in possession claiming
title to the land in controversy, and defendants are out of posses-
sion who likewise claim title.

2. In such case, there is a complete remedy at law by a rule
on defendants to bring their action of ejectment as provided by
the Act of April 16, 1903, P. L. 212.

3. Under the Act of March 21, 1806, 4 Sm. L. 332, the statutory
remedy provided by the Act of April 16, 1903, P. L. 212, is exclu-
sive of all other remedies as between persons in possession claiming
title against persons out of possession also claiming title.

4. Even if a trial of an ejectment, in such case, would develop
nothing for a jury to consider, the remedy provided by the Act of
1903, must be pursued.

5. Jurisdiction in equity, however, still remains to remove clouds
from titles of those in possession of real estate in cases not covered
by the Act of 1903, or not falling within other known legal remedies,
and also where the remedies at law are inadequate to work out all
the relief required in a particular case.

*Equity—Remedy at law—Certifying case to law side of court—*
*Act of June 7, 1907, P. L. 440—Costs—Practice—Supreme Court.*

6. Where a bill in equity is filed to quiet title, and it appears that
plaintiff's proper remedy is by rule to bring ejectment under the
Act of April 16, 1903, the bill should not be dismissed but should be
certified under the Act of June 7, 1907, P. L. 440, to the law side
of the court for proceedings under the Act of 1903.

7. If the court below has dismissed such bill, the Supreme Court
will, on appeal, modify the decree, so as to order the record to be
returned with directions to certify the case to the law side of the
court at the costs of the plaintiffs; but the costs of the appeal will
be imposed on the defendants.

Argued September 27, 1923.   Appeal, No. 1, May T.,
1923, by plaintiffs, from decree of C. P. Dauphin Co., No.
736, Equity Docket, dismissing bill in equity, in case of
Samuel Heller et ux. v. Samuel Fishman, Edward I.

Fishman and Sarah Rubin.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.
Decree modified.

Demurrer to bill in equity to quiet title.   Before WICK-
ERSHAM, J., HARGEST, P. J., and FOX, J., concurring.

The opinion of the Supreme Court states the facts.

Bill dismissed: 26 Dauphin Co. R. 46.   Plaintiffs ap-
pealed.

*Error assigned* was, inter alia, decree, quoting it.

*William H. Sponsler,* for appellants.—The remedy in
equity was proper: Stewart's App., 78 Pa. 88; Duff v.
McDonough, 155 Pa. 10; Lewis v. Parrot, 37 W. N. C.
330; Cheyney v. Geary, 194 Pa. 427; Dillon v. Hegarty,
222 Pa. 166; Harroun v. Graham, 258 Pa. 245; Dull's
App., 113 Pa. 510.

*Robert Rosenberg,* of *Rosenberg & Rosenberg,* for ap-
pellee.—Plaintiffs' bill clearly avers that they had title
to the farm in question, are the owners and have pos-
session and that defendants claim an interest in it.   This
clearly brings this case within the provisions of the Act
of 1903, P. L. 212, which provides a full, complete and
adequate remedy at law: Clark v. Clark, 255 Pa. 574;
Warrington v. Trust Co., 274 Pa. 80.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January
7, 1924:

Plaintiffs filed a bill in equity to remove an alleged
cloud from their title to certain real estate; the bill was
dismissed on demurrer because the court below held com-
plainants must proceed under the Act of April 16, 1903,
P. L. 212, which provides a remedy to bring about adjudi-
cations of adverse claims of title; this appeal followed.

The bill states, inter alia, that defendant Samuel Fish-
man sold and conveyed to Sarah Heller, one of the plain-

tiffs and wife of the other plaintiff, certain tracts of land in Middle Paxton Township, Dauphin County, known as "The Morley Farm"; the deed in question was duly recorded and plaintiffs entered into possession of the premises and have so continued until the present time; that Samuel Fishman,—notwithstanding the warranties implied by his deed to Sarah Heller, for freedom from encumbrances done or suffered by him, indefeasible title and quiet enjoyment,—actively asserts, through his vendees, a claim of title to the property in controversy, alleging that he purchased it at a tax sale, duly held subsequent to the date of his aforesaid deed; it is also averred that Samuel Fishman conveyed to Sarah Rubin, a straw woman, the rights he claims to have thus acquired, that she transferred them to Edward I. Fishman, and both of the two persons last named (joined as defendants) wrongfully acted in concert with the first-named and principal defendant to affect adversely the title of complainants' property. Plaintiffs further aver that the sale through which Samuel Fishman claims to have purchased their real estate was for taxes assessed during a period when he was the owner of the Morley Farm, and, because of this, they contend that, if the assessment in question did in fact cover the property here involved, the warranties in Fishman's deed to Sarah Heller would prevent him from thus acquiring a good title against her; but they say that, as a matter of fact, there is nothing on the record of the tax assessment to show it was against their real estate. On the contrary, it is alleged the assessment was not in the name of Fishman but in an entirely different name, unconnected with the title to the Morley Farm; and, moreover, that it fails to describe the property in controversy, the assessment merely being against "a piece of land in Middle Paxton Township of 135 acres," which acreage does not correspond with that of the Morley Farm. The bill prayed for an injunction to restrain defendants from interfering with plaintiffs' enjoyment of their property

and that the tax sale, deed, etc., through which defendants claim, be set aside as clouds on Sarah Heller's title. In the court below, plaintiffs waived their application for an injunction, thus leaving that feature out of the case.

The Act of April 16, 1903, P. L. 212, provides that, "whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the court of common pleas......, whereupon a rule shall be granted upon said person not in possession, to bring his or her action of ejectment." Here, plaintiffs are persons in possession who claim title to the land in controversy, and defendants are persons out of possession who likewise claim title; these facts bring the case before us within the precise words of the act.

In Warrington v. Brooklyn Trust Co., 274 Pa. 80, 83, we recently said that, where the above statute gives to one a "full, complete and adequate remedy at law......, equity has no jurisdiction to grant the relief sought," which, there as here, was the removal of an alleged cloud from the title to real estate.

The rule just cited does not necessarily mean, as asserted by appellants, that the entire equitable jurisdiction to remove clouds from title to real estate, long vested in the courts of Pennsylvania, is swept away; it merely means that cases covered by the Act of 1903 must be brought thereunder, in accordance with the requirements of the first part of section 13 of the Act of March 21, 1806, 4 Smith's Laws 332, 1 Stewart's Purdon's Digest, 13th ed., 271 (Phelps's App., 98 Pa. 546; Meurer's App., 119 Pa. 115, 130; Bridge Co. v. Union and Northumberland Counties, 232 Pa. 255, 264; see also discussion and reference to authorities in Gans v. Drum, 24 Pa. C. C. R. 481, 484), and in accordance with the rule as to the exclusiveness of an adequate remedy at law: Meurer's App., 119 Pa. 115, 130; Appeal of

Pittsburgh & A. Drove Yard Co., 123 Pa. 250, 252; Metzgar v. McCoy, 105 Fed. 678; 4 Pomeroy's Equity Jurisprudence, 4th ed., § 1399. Should cases arise presenting situations not covered by the class of legislation under consideration, or as to which it does not furnish a full and adequate remedy, the jurisdiction in equity still applies.

The kernel of the controversy in the case before us is the claim of legal title by plaintiffs, persons in possession, and its denial by defendants, who are out of possession. The Act of 1903 is exactly fitted to the adjudication of this claim. As said in Clark v. Clark, 255 Pa. 574, 577, "the act in question is announced as legislation 'to settle title to real estate,' and the language employed therein plainly shows such to be its real purpose"; again, apropos of the prior law, we there significantly add that, albeit the "record facts......present a situation which would not justify an ordinary action of ejectment," if the conditions shown fall within the curative purpose of the statute, then, "notwithstanding prior theories and established practice," the act will apply.

Even were we to assume (but not decide,—for we are as yet ignorant of defendants' answer thereto) the correctness of plaintiffs' contentions as to the manifest invalidity of the tax sale and the effect of Samuel Fishman's warranties of title, and, further, that the trial of this case will develop nothing for a jury to consider, still we would be obliged to hold that a proceeding under the Act of 1903 was the proper course to pursue, for, in Canal Co. v. Genet, 169 Pa. 343, 347, we said disputed facts to be passed on by a jury are not essential to the remedy under the act; and that "the facts required ......are......petitioner's possession and the adversary's denial of his title," adding, "when these appear, the issue is to be awarded, and if it should turn out at the trial that the dispute was not over facts but over the law resulting from them, this would not affect the rem-

edy any more than it would affect an equitable eject-
ment."

Appellants cite Dull's App., 113 Pa. 510, on their
contention that the court below erred in holding the
proper and exclusive remedy for them to pursue lay under
the Act of 1903; but that case was decided prior to the
enactment of any legislation such as the Act of 1903,
and, as stated by Mr. Justice GREEN (p. 515), plain-
tiff, in the absence of such legislation, had no rem-
edy, except in equity, to force an adjudication of the
invalidity of the tax sale and deed there involved, which
sale and deed, unquestionably covering plaintiff's prop-
erty, were a cloud on his title. We there say (p. 516)
that, "whenever a deed . . . . . . exists which may be vex-
atiously or injuriously used against a party, after the
evidence to impeach or invalidate it is lost . . . . . ., and he
*cannot immediately protect or maintain his right by any
course of proceedings at law,* a court of equity will afford
relief." The whole purport of Justice GREEN's opinion is
to the effect that, since no adequate remedy at law
existed for the then present plaintiff, his right to proceed
in equity should have been sustained,—the intimation,
of course, being that, if a sufficient remedy at law had
existed, it would be the one to follow. More than that,
the opinion (p. 518) plainly states, equity jurisdiction
in this class of cases should "not [be exercised] at all
where there is an adequate legal remedy available," Mr.
Justice SHARSWOOD, in Stewart's App., 78 Pa. 88, 96,
also says that the remedy in equity to remove clouds
from title is dependent on the fact that complainant
"cannot immediately protect or maintain his right by
any course of proceedings at law."

Before the days of legislation like the act of 1903
(which provides a "proceeding at law" to "protect or
maintain" title), unless perhaps in exceptional cases
(Dull's App., 113 Pa. 517-18), bills to remove clouds
from legal titles were entertained by courts of equity
only at the instance of parties in possession, and this be-

cause such a party was not in a position to force one claiming against him into a court of law to have his claim adjudicated and the title settled; in other words, because a party in possession could not "immediately protect or maintain his right by any course of proceedings at law." (For interesting relevant discussion see opinion by the late Judge McConnell, of Westmoreland County, in Andrews v. Landis, 24 Pa. Dist. R. 876, at pages 880 and 881.) Now that the legislature has furnished to those in possession of real estate an adequate legal remedy, to force one setting up an adverse claim into a court of law for its adjudication, the reason for equitable jurisdiction no longer exists where this legislation applies, and, under such circumstances, the remedy provided must be followed. In short, under our authorities on this point, a sine qua non to equitable relief being that the complainant has no adequate remedy at law, when this remedy was given, in cases within its purview,—like that of the present plaintiffs,—equitable relief at once became unavailable.

Jurisdiction in equity, to remove clouds from the titles of those in possession of real estate, still remains, however, in cases neither covered by the legislation in question nor falling within other known legal remedies, and also where the remedies at law are inadequate to work out all the relief required in a particular case. Ordinarily, relief in equity is not now and never has been available to those out of possession, claiming the legal title to real estate, for one so situated could always "bring an action at law to test his title" against adverse claims (Van Zile's Equity Pl. & Pr., sec. 427); but where the jurisdiction of a chancellor is properly invoked by one out of possession (like, for instance, the trustee-complainant in Sears v. Scranton Trust Co., 228 Pa. 126, 136), and "the question of legal title is [merely] incidental and subordinate to other elements which call for the exercise of equitable remedies, equity will take and retain jurisdiction."

In Sears v. Scranton Trust Co., supra, those who complained of a cloud on their title were trustees out of possession of the real estate in controversy, and, as there pointed out, the remedy at law would not have been sufficient; this latter statement is also true of Onorato v. Carlini, 272 Pa. 489.   In the recent case of Octoraro Water Co. v. Garrison, 271 Pa. 421, there is nothing to show who had possession of the real estate involved, or that jurisdiction in equity was questioned.

Ullom v. Hughes, 204 Pa. 305, cited by appellants, contains language of Mr. Justice MITCHELL which seems to conflict with the conclusions here reached and with our decision in Warrington v. Brooklyn Trust Co., supra; but, broad as the statements of the learned justice who wrote the Ullom opinion are, the case decided only that the then present plaintiff had a right to proceed at law by rule and issue under an act similar to the one now before us.   The question there was whether, on the facts, the petitioner *could* proceed under the act; here it is whether, being within the terms of the statute, he *must* so proceed.

Again, appellants cite Vankirk v. Patterson, 204 Pa. 317, 319, a case decided on the ground of res judicata, where Mr. Justice MITCHELL, explaining Ullom v. Hughes, supra, said, "it was there held the act did not supersede or affect any of the former remedies, but only supplied one that was cumulative or additional."   They also cite Hutchinson v. Dennis, 217 Pa. 290, 293, a case in which, for want of an averment of possession, the statute had no application, but where the same eminent jurist, speaking for this court, took occasion to state, per curiam, that the remedy under an act like the one now before us was not exclusive.   None of these judicial utterances were essential to the decisions in connection with which they were written, but, even if regarded as more than dicta, they are contrary to the later ruling of this court in Warrington v. Brooklyn Trust Co., which controls.

A thorough examination of our decisions shows Mr. Justice MITCHELL to have been the sole judge of this court, with one possible exception, who entertained the view that a statutory remedy, where applicable to a particular case and capable of affording full relief therein, did not supersede a previously existing remedy in equity. The only authority relied on by Judge MITCHELL which suggests support of his opinion is Wesley Church v. Moore, 10 Pa. 275, 279-80, where Chief Justice GIBSON, in a long and labored effort to work out the equities of a hard case, incidentally and quite unnecessarily, (for he had previously shown that the then present complainants had no adequate remedy at law), remarked that "an extension of remedy at law does not supplant the relief that was to be obtained in equity"; but these words can be explained by the statement that, while a remedy provided at law may not necessarily "supplant" in every case a previously existing equitable remedy, this is far from saying the latter is not excluded where the former applies and affords complete relief. Any other view would be contrary to the general trend of Pennsylvania law (see authorities cited above under our reference to the Act of 1806 and the rule as to the exclusiveness of an adequate legal remedy) and the bulk of the latest decisions in other jurisdictions.

Though, as stated in the notes to Whitehouse v. Jones, 12 L. R. A. (N. S.), 49, 78, "The courts are not in harmony as to the effect of statutes providing a legal remedy where formerly the remedy was in equity by bill to quiet or remove cloud from title," yet the article entitled "Cloud on Title," in Ruling Case Law (vol. 5, p. 637, sec. 4), states the prevailing rule. It is there said: "The general rule is that equity will not entertain jurisdiction in actions to quiet title where there is a complete and adequate remedy at law, and where there is no danger from delay, and no other ingredient that requires the effective powers of equity to prevent fraud or injustice. In a case, therefore, where the remedy at law

is adequate and complete, the complainant is remitted to such remedy; whether it be ejectment, trespass, writ of entry, or other appropriate proceeding at law." Then, coming to facts measurably like those of the present case, the text continues (at p. 640, sec. 8) : "Where defendant claims title as purchaser at a tax sale made under a judgment rendered in an action to which plaintiffs were not made parties, and plaintiff claims the legal title, relief cannot be granted in equity." See also, 4 Pomeroy's Equity Jurisprudence, 4th ed., sec. 1399.

While, as already indicated, the court below did not err in following the law as ruled in Warrington v. Trust Co., yet we must modify the decree dismissing the bill, because section 2 of the Act of June 7, 1907, P. L. 440, provides, if a demurrer stating the suit should have been brought at law be filed, "that issue shall be decided in limine, before a hearing of the case upon the merits ...... [and] if the court shall decide that the suit should have been brought at law, it shall certify the cause to the law side of the court at the costs of plaintiff"; this course should have been pursued in the present case: Costley v. Smith, 278 Pa. 242, 245. The pleadings are sufficient to that end, for the bill contains all that is essential to a petition under the Act of 1903, though plaintiffs should, and are hereby given leave to, amend their prayer so as to bring it within the scope of that statute: Hemphill v. Ralston, argued at the October Term, 1923, and filed herewith, [reported infra p. 432].

The decree dismissing the bill is modified; the bill is reinstated and it is ordered that the record be returned to the common pleas, with directions to certify the case to the law side of the court, at the cost of plaintiffs, and proceed to dispose of the controversy under the Act of 1903, supra. The costs of the present appeal to be paid by defendants Samuel Fishman and Edward I. Fishman.