## Redditt, Appellant, *v.* Horn et al.

Argued January 6, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*William K. Rhodes,* for appellant.

*E. P. Balderston, Jr.,* with him *Hodge, Hodge & Balderston,* for appellees.

OPINION BY MR. JUSTICE JONES, March 21, 1949:

The plaintiff, relying upon an alleged oral agreement with the defendant, Helen C. Horn, sought by this suit in equity an accounting by the defendants for one-half of the profits derivable from the sale of an improved piece of realty, the title to which had been in Mrs. Horn and her husband (also a defendant) and which they, in turn, transferred to H. LeRoy Webb, the remaining defendant.

Although the plaintiff, in addition to his original bill of complaint, has filed two successive amended bills, the terms of the alleged oral agreement do not yet appear with any too much particularity. However, we

may, with entire fairness to the plaintiff, piece out from the various bills, as the learned chancellor did, that, on or about November 1, 1946, the plaintiff and Helen C. Horn orally agreed that the plaintiff should draw plans and specifications and let contracts for, and supervise the construction of, four two-story twin family apartments on property purchased by Helen C. Horn in her own and her husband's names, in consideration whereof, Helen C. Horn would pay the plaintiff a fee of $1,470 for the plans and specifications and divide with him equally the net profits derived from the sale of the property and completed buildings. Any enlargement on these facts, to be found in the plaintiff's amended pleadings, is mere surplusage and neither confers nor helps to confer upon the plaintiff any greater equity in the property in question than does the bare oral agreement above outlined.

To the second amended bill, the defendants filed a joint answer raising preliminary objections that (1) the plaintiff sought by this suit to enforce specifically an alleged oral contract respecting an interest in land contrary to the requirements of the Statute of Frauds, and that (2) any right of action which the plaintiff might have against the defendants or any of them on account of the alleged oral contract was cognizable solely at law. The learned chancellor sustained the defendants' preliminary objections on both grounds and entered a decree, dismissing the bill at the plaintiff's costs, which the court en banc duly confirmed.

We are in complete agreement with the court below that the suit for specific performance cannot be maintained. It is only in circumstances giving rise to equities sufficient of themselves to take the case out of the Statute of Frauds that a suit for the specific performance of an oral contract concerning lands can be maintained; and there are no such equities in the present case. The improvements made to the property, for which the plain-

tiff seeks to claim credit, were made by the defendants or some of them at their own separate cost and expense; and, at no time was the plaintiff in possession of the property. On the basis of the character of relief sought by the plaintiff the case cannot be differentiated in any material particular from *Davis v. Hillman,* 288 Pa. 16, 19-22, 135 A. 254; see also *Edgcomb v. Clough,* 275 Pa. 90, 99, 118 A. 610, and *Stockdale v. Sellers,* 102 Pa. Superior Ct. 447, 453. *Davis v. Hillman* quoted pertinently from *Hertzog v. Hertzog,* 34 Pa. 418, 438, to the effect that "The rule that requires claims to land, *or its equivalent value,* to be written, is plain, simple, reasonable and just." (Emphasis supplied.)

However, the oral contract pleaded by the plaintiff, if established, would be capable of supporting an action at law for damages for the value of services performed, and costs and expenses incurred, by the plaintiff in reliance upon the alleged oral agreement and for which he has not been compensated or reimbursed. Of course, such damages would not be for the loss of the bargain pleaded by the plaintiff. Relief to that extent would be tantamount to affording him specific performance of the contract in a different form and may not, therefore, be had: *Breniman v. Breniman,* 281 Pa. 304, 308, 126 A. 751. But, as already stated, under the averments of the plaintiff's bill, he has a possible right of action for damages of a limited nature which the learned chancellor evidently perceived when he sustained the defendants' preliminary objections to the bill partly on the ground that "Equity is not the forum for the collection of such a debt. . . ." One of the reasons specified by the defendants' objections was that the plaintiff "has an adequate remedy at law." Consequently, when the chancellor sustained the objection to equity's jurisdiction, it forthwith became his *duty* to "certify the cause to the law side of the court" as required by Sec. 2 of the Act of June 7, 1907, P. L. 440, 12 PS § 1228; and

failure so to do was error. See *Heller v. Fishman,* 278 Pa. 328, 337, 123 A. 311; *Costley v. Smith,* 278 Pa. 242, 245, 122 A. 280; *Kramer v. Slattery,* 260 Pa. 234, 242, 103 A. 610; and *Nanheim v. Smith,* 253 Pa. 380, 98 A. 602.

The decree is reversed and the cause remanded with directions to reinstate the bill and certify it to the law side of the court at the plaintiff's costs; the costs of this appeal to be borne by the defendants.