## Kessler v. M. J. Greene Co., Inc.

718

*Lampl, Kirshner & Libenson,* for plaintiff.
*Donald E. Rogers,* for defendant.

PRICE, J., February 9, 1966.—This case is before the court on defendant's preliminary objections to plaintiff's complaint in assumpsit.

Plaintiff is Bernard Kessler (Kessler), an individual residing in Philadelphia. Defendant is M. J. Greene Co., Inc. (Greene Company), a Pennsylvania corporation with its principal place of business in Pittsburgh.

In 1961, Kessler instituted an action in equity against Greene Company at no. 615, October term, 1961. That suit requested specific performance for the delivery of 7,500 shares of Greene Company stock, based on an *oral* agreement that Greene Company would grant an option to Kessler to buy such stock if Kessler procured a broker to handle a public offering of Greene Company securities. Kessler alleged he had obtained the broker, but Greene Company had not granted the option. Kessler also demanded payment of $2,000, the reasonable value of certain accounting and pre-registration services.

In that earlier action, Greene Company filed preliminary objections, raising the bar of the statute of frauds. The court sustained the objections, holding that the oral agreement came within the provisions of the Uniform Commercial Code Statute of Frauds relating to investment securities. The Uniform Commercial Code of October 2, 1959, P. L. 1023, sec. 8-319, 12A PS §8-319, makes a contract for the sale of securities

unenforceable unless it is evidenced by a writing signed by the party to be charged. The suit, insofar as it requested $2,000 for accounting and preregistration services, was transferred to the law side of the court. That action is still pending in the County Court of Allegheny County.

Subsequently, plaintiff brought this present action at law in assumpsit, seeking to recover the sum of $15,000, the alleged reasonable value of the services rendered by Kessler in securing the broker for Greene Company. Greene Company again filed preliminary objections to this complaint.

In its first objection, defendant claims that there is pending a prior action in this matter at no. 615, October term, 1961, and that the pleadings in that case and the decision therein preclude the present action. More specifically, it is argued that when suit on the express oral contract was barred by the statute of frauds, an avoidance of the contract and suit in quantum meruit is improper. This is because, defendant argues, the rule in Pennsylvania is that if there is an express contract that fixes the value of the service involved, there cannot be recovery on a quantum meruit. Suit must be on the existing express contract, and evidence of cost or value of performing the contract is immaterial: 8 P. L. Encyc. Contracts 242 §211; Schlechter v. Foltz, 179 Pa. Superior Ct. 119, 121 (1955) ; Johnson v. Wanamaker, 17 Pa. Superior Ct. 301, 305 (1901) ; John Conti Co., Inc. v. Donovan, 358 Pa. 566 (1948). Therefore, if the express contract is unenforceable, concludes defendant, plaintiff is without remedy.

Defendant is in error. This rule has not been applied in cases where the express oral contract is barred by the statute of frauds. Professor Corbin gives the reason:

"Courts have often been troubled by the doctrine that the law will not imply a contract if the parties have

made an express one; but this doctrine has proper application only to prevent implications of fact based upon collateral conduct in cases where the parties have integrated their promises in words. In applying the statute of frauds the case is one where the parties made an express contract, but the law prevents its enforcement. If the defendant expressly promised to convey Blackacre, the law does not infer a promise on his part to repay an installment of the purchase money on refusal to convey, any more than it infers a promise to pay damages for his breach. *His duty to repay is based upon the fact that he is proved to have made a promise that he is bound in honor to perform, that he is trying to keep something for nothing, and that he is hiding behind a statute that was enacted only for the purpose of preventing the enforcement of promises that never were made*": 2 Corbin on Contracts 158, §321. (Italics added.)

Corbin goes on to state the general rule:

"Vast numbers of cases can be collected supporting the general principle that one who has partly performed in accordance with a contract that is unenforceable by reason of the statute of frauds can recover the value of his part performance as against a defendant who refuses to perform his part in return": 2 Corbin on Contracts 155, §321.

See also for the same rule 37 C. J. C. 780, §259; 49 Am. Jur. 875, §568; 3 Williston 3d, Contracts 810 §534. This is also the rule in Pennsylvania: Redditt v. Horn, 361 Pa. 533 (1949); Harris v. Harris, 70 Pa. 170 (1871); Holland Furnace Company v. Keystone Dehydrating Company, 151 Pa. Superior Ct. 495 (1943); Walter v. Transue, 17 Pa. Superior Ct. 94 (1901); Derry v. Fellger, 34 Del. Co. 568, 570 (1946); Lauffer v. Vial, 153 Pa. Superior Ct. 342 (1939).

In Redditt v. Horn, supra, plaintiff and defendant orally agreed that plaintiff should draw plans and

supervise the construction of certain apartment buildings. As consideration, plaintiff was to receive a fee of $1,470 and one half the net profits derived from the sale of the property and completed buildings. Plaintiff performed the services, but defendant failed to account to plaintiff for the sale of the property. Plaintiff brought suit for specific performance. The Pennsylvania Supreme Court agreed with the trial court that the statute of frauds barred specific performance. But the court went on to say:

"However the oral contract pleaded by the plaintiff, if established, would be capable of supporting an action at law for damages for the value of services performed, and costs and expenses incurred, by the plaintiff in reliance upon the alleged oral agreement and for which he has not been compensated or reimbursed. Of course, such damages would not be for the loss of the bargain pleaded by the plaintiff. Relief to that extent would be tantamount to affording him specific performance of the contract in a different form and may not therefore he had. . . . But, as already stated, . . . he has a possible right of action for damages of a limited nature . . . ."

We think it is clear that Kessler has a right of action in quantum meruit to prove the value of the services allegedly performed pursuant to the unenforceable contract. To say otherwise would permit a defendant to keep something for nothing by employment of the statute of frauds. As the Pennsylvania Supreme Court said almost a century ago in a similar situation, "This statute [of frauds], which was designed to prevent fraud, is not to be so construed as to become an instrument of fraud . . . Such a rule could never receive the sanction of any civilized community . . . .": Harris v. Harris, supra, at 174-75.

There is no problem of lis pendens or multiplicity of suits in this case. The action at no. 615, October term,

1961, was referred to the law side of the court only for preregistration and accounting fees: Kessler v. Greene Co., Inc. 28 D. & C. 2d 186 (1962). This action is for services rendered in procuring a broker under the alleged oral agreement. The rule is that there can be no plea of lis pendens unless the pending proceeding be for the same cause of action and the same relief as that of the original suit: 2 Anderson Pa. Civ. Prac. §1017.67. The same relief is not requested in this action.

Defendant's second preliminary objection states that paragraph 7 of the Kessler complaint in this case "contains allegations to matters which are res judicata". A reference to paragraph 7 of the Kessler complaint shows that Kessler asserts therein the fact that he performed the services agreed upon, but that Greene Company refused to grant him his stock option. It is Greene Company's contention, in regard to this paragraph, that in view of the earlier ruling that plaintiff was barred from asserting any claim arising from the alleged option to purchase stock, it was improper for Kessler to allege that the services were performed pursuant to the agreement. The court is of a different opinion. It is true that Kessler cannot claim here that he should receive his stock, and we believe he does not; but, he can, and should, set out the circumstances under which he performed the services for which he now claims the reasonable value. This is done in an action such as this, not as the basis of the claim, "but by way of inducement to explain the circumstances under which the work was done . . . . and to show that they were not gratuities": 49 Am. Jur. 875, §568; Redditt v. Horn, supra. Since Kessler is not basing his claim upon terms of the express agreement, the second preliminary objection is dismissed.

### ORDER OF COURT

And now, to wit, February 9, 1966, it is ordered, adjudged and decreed that defendant's prelim-

inary objections be and hereby are dismissed, and defendant is given 20 days from this date in which to file an answer. Eo die, exception noted and bill sealed.